NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSALIA SALVADORA VILLALOBOS DE CONSTANZA; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 19-72908 <br><br> Agency Nos. A208-783-912 <br> A208-783-913 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021[**]

Before: SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

Rosalia Salvadora Villalobos De Constanza and her minor daughter, natives

and citizens of El Salvador, petition for review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal from immigration judge's decision

denying their application for asylum, withholding of removal, and relief under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to establish that the Salvadoran government was or would be unable or unwilling to control the people they fear. *See Truong v. Holder*, 613 F.3d 938, 941-42 (9th Cir. 2010) (record did not compel the conclusion that the government was unable or unwilling to control the individuals petitioner feared); *see also Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) ("To reverse the BIA, we must determine that the evidence not only *supports* [a contrary] conclusion, but *compels* it . . .") (internal quotation marks and citation omitted). Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Villalobos De Constanza failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014) (concluding that petitioner did not establish the necessary "state action" for CAT relief).

The temporary stay of removal remains in place until issuance of the

mandate.

**PETITION FOR REVIEW DENIED.**